## MOBILE & O. R. CO. v. WILSON.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1896.)

### No. 279.

1. PERSONAL INJURIES—INSTRUCTIONS.

    The charge should state that, in respect to the law of the case, instructions of the court are controlling, and that upon matters of fact the credibility of witnesses, the weight of evidence, and the like, the jury, though it may be advised by the court, must finally exercise an independent judgment.

2. CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

    In the federal courts the burden is upon defendant to show contributory negligence, and plaintiff, besides proving the negligence charged, must show that he was injured thereby, and to what extent.

3. SAME—INSTRUCTIONS.

    The jury were told that if, by reasonable care and prudence, defendant company could have avoided the consequence of plaintiff's negligence, but failed to do so, plaintiff might recover, though guilty of contributory negligence. The next clause of the charge stated that the question of negligence in this respect, as in others, was to be determined "in view of all the facts and circumstances in the case." *Held,* that this latter clause in effect eliminated the question of contributory negligence, and was cause for reversal.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Action by Samuel Wilson against the Mobile & Ohio Railroad Company. There was a judgment for plaintiff, and defendant brings error. Reversed.

In this case the circuit court refused all special requests for instructions, and charged the jury as follows: "The declaration in this case contains three counts, each differing somewhat from the other, but they substantially charge the defendant railroad company with so negligently and carelessly operating its train, consisting of a locomotive and car, as that the plaintiff, who was in his wagon, driving across Vine street, in the city of Sparta, and at the time exercising due care and caution, was struck by such engine, and seriously and permanently injured. A number of acts of imputed negligence on the part of the defendant are specifically mentioned; among them, that the train was running at a dangerous rate of speed, that no whistle was sounded or bell rung, or care or prudence shown in operating said train, at the time and place of the accident. Under the pleadings in this case the burden rests on the plaintiff to establish the negligence of the defendant, complained of in his

declaration, by the preponderance of the evidence. There are two questions of fact in this case to be determined by you from the weight of the evidence: First. Was the defendant guilty of negligence in approaching the Vine street crossing, either in running at a dangerous rate of speed or in failing to give such signals as the law required it to give? What is a safe rate of speed, or what is a reasonable and timely warning, depends on or may depend on the circumstances. Of course, the speed of a train should not be so great as to render unavailing the warning of its whistle and bell; and while, it may be true, the fact that the speed of a train is greater than the maximum rate fixed by an ordinance is a circumstance from which negligence may be inferred, yet that is but a circumstance to be considered by the jury in connection with the other evidence and circumstances in the case. If the evidence in this case shows that the crossing was hazardous, greater care was alike required by both the defendant company and the plaintiff in approaching it. All reasonable precautions should have been taken by the railroad company to avoid injury to persons and property, and this includes such management of its trains and such warning of their approach, or such other reasonable precautions, as not to cause unnecessary risks to persons on or about the crossing. The ordinary or proper care required by the plaintiff when approaching a crossing was to listen and look, and to have acted with reference to his own safety, as a reasonably prudent man would have acted under the same circumstances. Whether the plaintiff, at the time of the injury, was, under all the circumstances of the case, in the exercise of such care as would be expected of a reasonably prudent and careful person under similar circumstances, is a question of fact submitted to the determination of the jury. If you believe from the weight of the evidence that the plaintiff was guilty of contributory negligence he cannot recover, unless you further believe, from the evidence, that the defendant railroad company might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence. If it could have done this, but failed to do so, the plaintiff may recover, although guilty of contributory negligence. These questions of due care on the part of the plaintiff and of alleged negligence on the part of the defendant are questions of fact to be determined respectively by you in view of all the facts and circumstances in evidence. If the weight of the evidence shows the defendant was guilty of the imputed negligence resulting in injury to the plaintiff when exercising ordinary care, then you should find the defendant guilty, and assess plaintiff's damages at whatever sum, in your opinion, the evidence, properly considered, may warrant. If it does not so show, you should find the defendant not guilty. The form of your verdict may be: 'We, the jury, find the defendant guilty, and assess the plaintiff's damages at' whatever you may agree upon under the evidence. If you find for the defendant, your verdict will be: 'We, the jury, find the defendant not guilty.'"

J. M. Lansden, for plaintiff in error.
J. M. Hamill, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge (after stating the facts as above). As we had occasion to say in Railroad Co. v. Kelly, 11 C. C. A. 260, 265, 63 Fed. 412: "Jurors are not trained lawyers, and, notwithstanding a general charge covering the issues of a case, it is the duty of the court, on proper request, to give the jury a statement of any distinct doctrine or proposition which is fairly and justly applicable to the issues or to an important phase of the case." A charge to a jury ought to be more than a skeletonized statement of the issues and of abstract propositions of law. The purpose is that the jury shall render an intelligent and discriminating verdict, and to that end ordinarily there must be, though at the expense of some repetition, a distinct and clear presentation, in the light of the

evidence, of the different issues, and of their bearing upon each other and upon the general result. A full review of the evidence often may not be necessary, but some explanation of its relevancy and force, when the questions are intricate or close, should be given. This charge, though comprehensive and concise, on delivery doubtless was clear enough to the lawyers familiar with the case, and on the printed page it is perhaps within the comprehension of readers of average intelligence; but that the jurors, receiving it in the usual manner, would each properly understand it in all its phases and applications, is not probable, and therefore the special instructions asked should not have been refused solely because comprehended or implied in the meager expressions employed. This charge, it is also to be observed, is lacking in important particulars. It omits to state that in respect to the law of the case the instructions of the court are controlling, and that upon matters of fact, the credibility of witnesses, the weight of evidence, and the like, the jury, though it may be advised by the court, must finally exercise an independent judgment. The burden of proof is only partially stated. In the federal courts it rests upon the defendant to show contributory negligence, and the plaintiff, besides proving the negligence charged, must show that he was injured thereby, and to what extent.

Exception was saved and error assigned upon the proposition in the charge to the effect that if, by reasonable care and prudence, the defendant company could have avoided the consequences of the plaintiff's negligence, but failed to do so, the plaintiff might recover, though guilty of contributory negligence. If understood to mean that if the servants of the defendant company, after perceiving the plaintiff's danger, by reasonable exertions could have avoided the consequences, the company was liable notwithstanding the plaintiff's negligence, the proposition was unobjectionable. Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, and cases there cited; but in the next sentence, upon which also error is assigned, the court said, in substance, that the question of negligence in this respect, as in others, was to be determined "in view of all the facts and circumstances in the case." That was, in effect, to eliminate from the case the question of contributory negligence. It permitted the jury to conclude that, if the defendant's train had been run with reasonable care and prudence,—that is to say, at a proper speed, with bell ringing and whistle blowing,—the plaintiff would have escaped the consequences of his negligence, and on that ground was entitled to recover, notwithstanding his own negligence. For this error the judgment must be reversed.

It was not error to refuse to direct a verdict for the defendant on the ground of contributory fault. The circumstances were such as to make that a question for the determination of the jury. The judgment is reversed, with directions to grant a new trial.